Nos. 2023-2367, 2023-2368, 2024-1016, 2024-1017

# In the United States Court of Appeals for the Federal Circuit

**BACKERTOP LICENSING LLC,**
             *Plaintiff-Appellant,*

**LORI LaPRAY,**
             *Movant-Appellant,*

v.

**CANARY CONNECT, INC.,**
             *Defendant.*

---

**BACKERTOP LICENSING LLC,**
             *Plaintiff-Appellant,*

**LORI LaPRAY,**
             *Movant-Appellant,*

v.

**AUGUST HOME, INC.,**
             *Defendant.*

Appeal from the United States District Court for the District of Delaware in Case Nos. 1:22-cv-00572 and 1:22-cv-00573, Chief Judge Colm F. Connelly

**APPELLANTS' REPLY BRIEF**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE 19801
(302) 573-2525
dfinger@delawgroup.com
Attorney for Appellants Backertop
Licensing LLC and Lori LaPray

Dated: February 5, 2024

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES ....................................................................... ii

ARGUMENT ............................................................................................. 1

I. THIS APPEAL IS SUBJECT TO DE NOVO REVIEW ..................... 1

II. THE DISTRICT COURT'S ORDER DIRECTING LAPRAY TO TRAVEL FROM TEXAS TO DELAWARE IS A SUBPOENA ......... 1

    A. SUBPOENAS ARE COURT ORDERS WHETHER ISSUED BY THE COURT, THE CLERK, OR AN ATTORNEY ..................... 3

    B. THE FACT THAT FEDERAL RULE OF CIVIL PROCEDURE 45 DOES NOT EXPRESSLY REFER TO COURT ORDERS IS IRRELEVANT IN LIGHT OF HISTORY .................................. 4

    C. AMICUS' CASES ARE INAPPOSITE ....................................... 5

    D. ONLY SECTION (C) OF RULE 45 IMPLICATES A LIMIT ON JUDICIAL POWER ................................................................. 6

III. THERE ARE EXPRESS LIMITATIONS ON THE DISTRICT COURT'S POWER TO COMPEL A NON-PARTY TEXAS RESIDENT TO COME TO DELAWARE TO TESTIFY ................... 7

CONCLUSION ......................................................................................... 10

# TABLE OF AUTHORITIES

**CASES:**

*Bank of Nova Scotia v. U.S.*, 487 U.S. 250 (1988) ................................................. 3, 8

*Bioconvergence LLC v. Attariwala*, 2023 WL 4494020 (S.D. Ind. June 29, 2023) .................................................................................................................... 8

*Calabro v. Stone*, 224 F.R.D. 532 (E.D.N.Y. 2004) ..................................................... 4

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ........................................................ 5, 8

*Costello v. U. S.*, 365 U.S. 265 (1961) ........................................................................ 5

*CSW Consulting, Inc v. United States through Internal Revenue Service*, 507 F.Supp.3d 1267 (D. Colo. 2020) ........................................................................ 2

*Federal Deposit Ins. Corp., to Use of Secretary of Banking v. Alker*, 234 F.2d 113 (3rd Cir. 1956) ................................................................................................. 3

*Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338 (8th Cir. 1975) ............................... 3

*G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989) ......... 6

*Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2nd Cir. 2014) ............................. 9

*Gundy v. U.S.*, 139 S.Ct. 2116 (2019) ......................................................................... 3

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999) ....................................................... 4

*Hendricks v. LVNV Funding, LLC*, 2014 WL 12534774 (E.D. Tenn. Sept. 30, 2014) ..................................................................................................................... 2

*Holland v. New Jersey Dept. of Corrections*, 246 F.3d 267 (3rd Cir. 2001) ............. 1

*Hudlow v. City of Rogers, Ark.*, 2013 WL 5707785 (W.D. Ark. Oct. 21, 2013) ..................................................................................................................... 7

*In Re Rogers*, 2012 WL 676407 (V.I. Feb. 27, 2012) ............................................ 2, 3

*In re Simon*, 297 F. 942 (2nd Cir. 1924) .................................................................. 2, 4

*In re Tacoma Auto Freight*, 5 F.2d 752 (W.D. Wash. 1925) ...................................... 3

*Lea v. Wyeth LLC*, 2011 WL 13195950 (E.D. Tex. Nov. 22, 2011) ........................... 8

*Lewis v. Mutond*, 62 F.4th 587 (D.C. Cir. 2023) ........................................................ 8

*Link v. Wabash R. Co*, 370 U.S. 626 (1962) ............................................................... 6

*Loughrin v. U.S.*, 573 U.S. 351 (2014) ........................................................................ 2

*Matter of Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corporation*, 829 F.3d 197 (2nd Cir. 2016), *vacated and remanded on other grounds*, 138 S.Ct. 1186 (2018) ......................2

*Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir. 1993)..........................................................................................................6

*Palmer v. Ellsworth*, 1992 WL 498010, reported at 12 F.3d 1107 (9th Cir. 1993)..................................................................................................................2

*Resolution Trust Corp. v. Gladstone*, 895 F.Supp. 356 (D. Mass. 1995)...................7

*Thomas v. Arn*, 474 U. S. 140 (1985) ........................................................................8

*Todd v. U.S.*, 158 U.S. 278 (1895)..............................................................................4

*U.S. v. Clark*, 25 F. Cas. 441 (D. Mass. 1813) ..........................................................4

*U.S. v. Grooms*, 6 Fed. Appx 377 (7th Cir. 2001) .....................................................2

*U.S. S.E.C. v. Snyder*, 413 F.2d 288 (9th Cir. 1969) .................................................4

*United States v. Zamichieli*, 2016 WL 3519550 (E.D. Pa. June 27, 2016)................8

*VoterLabs, Inc. v. Ethos Group Consulting Services, LLC*, 2021 WL 3403932 (D. Del. Aug. 4, 2021)..........................................................................................9

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346 (Fed. Cir. 2017).................................................................................................................8

*Yager v, Raisor*, 211 F.Supp. 551 (S.D. Ind. 1962)...................................................9

*Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir. 1986) .................................1

**CONSTITUTIONAL PROVISIONS:**

U.S. Const. amend. V...................................................................................................8
U.S. Const. amend. XIV ..............................................................................................8

**STATUTES AND RULES:**

Fed. R. Civ. P. 45..................................................................................................*passim*
Fed. R. Civ. P. 45(c) ........................................................................................1, 7, 8, 9
Fed. R. Civ. P. 45(c)(1)................................................................................................7

**OTHER AUTHORITIES:**

11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2956 (3d ed. 1998) ................................................................. 9

Black's Law Dictionary (11th ed. 2019) ................................................................ 2

Cass. R. Sunstein, *Problems With Rules*, 83 Cal. R. Rev. 953 (July 1995) ............... 9

U.S. Court Form AO-88,
    https://www.uscourts.gov/sites/default/files/ao088.pdf ....................................... 5

# ARGUMENT

**I. THIS APPEAL IS SUBJECT TO DE NOVO REVIEW.**

This appeal raises the question of whether the District Court had the inherent authority to compel non-party Lori LaPray to travel from Texas to Delaware to testify in court, and not whether the District Court, assuming it had the power to do so, properly exercised that power under the facts presented.

In its Answering Brief ("AAB"), Amicus states that "[c]ontempt orders are reviewed for abuse of discretion." (AAB 17). However, where, as here, an appeal from a finding of contempt is based on an unlawful exercise of inherent power, the standard of review is *de novo*. *Holland v. New Jersey Dept. of Corrections*, 246 F.3d 267, 281 (3rd Cir. 2001) ("the District Court's conclusions about the scope of its inherent powers is a question of law that is reviewed de novo").

**II. THE DISTRICT COURT'S ORDER DIRECTING LAPRAY TO TRAVEL FROM TEXAS TO DELAWARE IS A SUBPOENA.**

Amicus argues that a subpoena is not a court order, and so is not limited to the geographic boundaries set forth in Federal Rule of Civil Procedure 45(c). This argument, however, is mere semantics.

Initially, Rule 45 does not itself define the word "subpoena." In such a case, the Court should be guided by the Advisory Committee Notes, case precedent and, to the extent it exists, the views of respected commentators. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 n.9 (9th Cir. 1986).

A subpoena is "[a] writ *or order* commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply." Black's Law Dictionary (11th ed. 2019) (italics added). The definition expressly includes two separate categories of documents, each constituting a "subpoena": (1) writs, and (2) orders. This definition makes clear that a court order qualifies as a subpoena. *See also U.S. v. Grooms*, 6 Fed. Appx 377, 381 (7th Cir. 2001) (stating that a subpoena is a court order); *Palmer v. Ellsworth*, 1992 WL 498010 at *5, reported at 12 F.3d 1107 (9th Cir. 1993) (TABLE) (same). *Cf. Loughrin v. U.S.*, 573 U.S. 351, 357 (2014) (use of the word "or" in a statute is almost always disjunctive, with each word given a separate meaning).

Federal courts have recognized that a court order can be a subpeona. *E.g.*, *Matter of Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corporation*, 829 F.3d 197, 214 n.24 (2nd Cir. 2016), *vacated and remanded on other grounds*, 138 S.Ct. 1186 (2018); *In re Simon*, 297 F. 942, 945 (2nd Cir. 1924) (a subpoena is "a *writ or order* directed to a person and requiring his attendance at a particular time and place to testify as a witness . . . ") (*quoting* 37 Cyc. 359) (italics added); *CSW Consulting, Inc v. United States through Internal Revenue Service*, 507 F.Supp.3d 1267, 1272 (D. Colo. 2020); *Hendricks v. LVNV Funding, LLC*, 2014 WL 12534774 at *5 (E.D. Tenn. Sept. 30, 2014); *In Re Rogers*,

2012 WL 676407 at *6 n.24 (V.I. Feb. 27, 2012); *In re Tacoma Auto Freight*, 5 F.2d 752 (W.D. Wash. 1925).

### A. SUBPOENAS ARE COURT ORDERS WHETHER ISSUED BY THE COURT, THE CLERK, OR AN ATTORNEY.

Amicus attempts to identify areas of distinction but fails to explain how those differences are material. Amicus's first point of purported distinction is that subpoenas are issued by the Clerk or by counsel, and not by the Court. This ignores the history of subpoenas. History is a legitimate area of inquiry in determining the applicability of a rule. *See Gundy v. U.S.*, 139 S.Ct. 2116, 2026 (2019) (per Justice Kagan, with three Justices concurring and one Justice concurring in the judgment) ("And beyond context and structure, the Court often looks to 'history [and] purpose' to divine the meaning of language") (citation omitted).[1]

"Subpoenas were long issued by specific order of the court. As this became a burden to the court, general orders were made authorizing clerks to issue subpoenas on request." Fed. R. Civ. P. 45, Notes of Advisory Committee on Rules – 1991 Amendment.

---

[1] Although *Gundy* addressed statutory interpretation, the Rules of Civil Procedure have the force of a statute. *Federal Deposit Ins. Corp., to Use of Secretary of Banking v. Alker*, 234 F.2d 113, 116 (3rd Cir. 1956). The Rules are "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard [a Rule's] mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988).

3

Subpoenas issued by clerks are deemed mandates of the court. *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof"). In other words, a subpoena issued by a Clerk is still an Order of the Court. *Hahn v. Star Bank*, 190 F.3d 708, 713 (6th Cir. 1999); *In re Simon*, 297 F. at 945 ("A writ of subpoena, like a writ of scire facias, writs, 'are all commands or orders of court that something be done,' and the word 'process,' as used in the statute, 'means an order of court, although it may be issued by the clerk'").

"The 1948 revision of Rule 45 put the attorney in a position similar to that of the administrative agency, as a public officer[2] entitled to use the court's contempt power to investigate facts in dispute . . . This revision makes the rule explicit that the attorney acts as an officer of the court in issuing and signing subpoenas." Fed. R. Civ. P. 45, Notes of Advisory Committee on Rules – 1991 Amendment. As such, lawyer-issued subpoenas are still deemed mandates of the Court. *E.g.*, *Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D.N.Y. 2004). In other words, a subpoena issued by a lawyer is still an Order of the Court. *U.S. S.E.C. v. Snyder*, 413 F.2d 288, 289 (9th Cir. 1969).

---

[2] A judge is also a "public officer." *Todd v. U.S.*, 158 U.S. 278, 284 (1895) (quoting *U.S. v. Clark*, 25 F. Cas. 441, 442 (D. Mass. 1813)).

B.  **THE FACT THAT FEDERAL RULE OF CIVIL PROCEDURE 45 DOES NOT EXPRESSLY REFER TO COURT ORDERS IS IRRELEVANT IN LIGHT OF HISTORY.**

Amici next argues that there is no express reference to an Order of the Court in Rule 45. However, the absence of such language does not mean that this Court should ignore traditional background principles and legal precedents. Although lawyers today may have come to identify a "subpoena" as U.S. Court Form AO-88, https://www.uscourts.gov/sites/default/files/ao088.pdf, nothing in either the Rule itself or judicial precedents indicates an intent to limit subpoenas to that document. *Cf. Costello v. U. S.*, 365 U.S. 265, (1961) ("We do not discern in Rule 41(b) a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition").

C.  **AMICUS' CASES ARE INAPPOSITE.**

Amicus next states that:

> subpoenas and sua sponte orders to appear may overlap. See Appellant Br. p. 17. Both require a witness to appear and testify. But the Supreme Court has made clear that overlap alone is not enough to conclude that the Federal Rules of Civil Procedure ("Rules") limit a district court's inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (courts may exercise their inherent power to sanction "even if procedural rules [including Rule 11] exist which sanction the same conduct . . . ").

(AAB at 14-15).

This misunderstands the issue on appeal. The issue is not whether conduct covered by the Rules is intertwined with conduct that only the court's inherent power

could address (and therefore is not in conflict with a Rules of Procedure), the issue addressed in *Chambers*.[3] Rather, the issue here is whether a court can exercise its inherent authority when the exercise of that authority *is* in conflict with a rule or statute or the Constitution. The Supreme Court has stated repeatedly that it cannot.

Similarly, Amicus's citation to *Link v. Wabash R. Co*, 370 U.S. 626 (1962), is inapt. In that case the Supreme Court concluded that the use of permissive language in Rule 41 indicated that the Rule did not limit the trial court's inherent authority. *Id.* By contrast here, there is express mandatory language restricting the trial court's authority, as shown below.

In *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 656-57 (7th Cir. 1989), also cited by Amicus, the Court held that "the mere absence of language in the federal rules specifically authorizing or describing a particular judicial procedure should not, and does not, give rise to a negative implication of prohibition." *Id.* at 652. In the present action, there is language expressly limiting the Court's action.

The lesson of the case cited by Amicus is that "although a court may have inherent power to do that which is not specifically provided for in the Rules, it may

---

[3] It appears that the rule of *Chambers* has been limited in application to sanctions cases.

not do that which the Rules plainly forbid." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993).

### D. ONLY SECTION (C) OF RULE 45 IMPLICATES A LIMIT ON JUDICIAL POWER.

Finally, Amicus argues that Rule 45 cannot apply to court order because many of the provisions of that rule "would make no sense if applied to a court's own orders." (AAB 31). However, Section (c) is the only part of Rule 45 that imposes mandatory restrictions on anyone. As such, other provisions may not be subject to the same analysis, and do not need to be addressed now.

### III. THERE ARE EXPRESS LIMITATIONS ON THE DISTRICT COURT'S POWER TO COMPEL A NON-PARTY TEXAS RESIDENT TO COME TO DELAWARE TO TESTIFY.

Amicus next argues that Rule 45 does not expressly limits courts' inherent power to order a witness to appear *sua sponte*. First, that argument depends for its force on the court rejecting the argument that the word "subpoena" excludes from its definition a court order (*sua sponte* or otherwise). As shown above, it is evident that the word subpoena extends beyond Amicus' constrictive view. Second, it is the restriction that must be expressly set forth in the rule or statute, not the identity of the party subject to the restriction.

In any event, there is a clear and express limitation in Rule 45(c): the geographic limitation for compliance. Rule 45(c)(1) begins: "A subpoena may command a person to attend a trial, hearing, or deposition *only as follows* . . . " This is clear

7

evidence of a restriction of the ability to make a nonresident non-party witness come from Texas to Delaware to testify.[4] Amicus makes absolutely no effort to explain why Rule 45(c), placing restrictions on the scope of compliance, does not constitute a limitation on judicial authority regarding the place of compliance. Rule 45(c) is a geographic limitation on the ability of a court to issue an order for a non-resident to appear. *See Bioconvergence LLC v. Attariwala*, 2023 WL 4494020 (S.D. Ind. June 29, 2023) (court denies request for an order allowing a non-resident witness to testify by videoconference as being inconsistent with Rule 45); *Lea v. Wyeth LLC*, 2011 WL 13195950 (E.D. Tex. Nov. 22, 2011) (same).

Even if Rule 45(c) did not exist, the Court's inherent power over a non-resident non-party witness would still be restricted geographically, notwithstanding no express reference in the Rule, by the Due Process Clause of the Fifth Amendment U.S. Constitution. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).[5] This

---

[4] The use of the word "only as follows" makes clear that the words indicate exclusivity. *See Hudlow v. City of Rogers, Ark.*, 2013 WL 5707785 at *6 (W.D. Ark. Oct. 21, 2013) ("the drafters of the . . . Code could have used the phrase "may only be removed" to indicate exclusivity . . . "); *Resolution Trust Corp. v. Gladstone*, 895 F.Supp. 356, 366 (D. Mass. 1995) ("If Congress meant to establish § 1821(k) as an exclusive means of liability, it could have used the words 'may only be held personally liable,' or similar exclusive language").

[5] As this appeal arises from a patent infringement case involving a federal question, the Due Process clause of the Fifth Amendment applies. *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346,1353 n.2 (Fed. Cir. 2017). However, due process analyses under the Fifth Amendment and the Fourteenth Amendment are analogous. *Lewis v. Mutond*, 62 F.4th 587, 592 & n.2 (D.C. Cir.

limitation exists whether or not it is expressly identified in a rule. *See Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988) ("it is well established that '[e]ven a sensible and efficient use of the supervisory power . . . is invalid if it conflicts with constitutional or statutory provisions'") (*quoting Thomas v. Arn*, 474 U. S. 140, 148 (1985)). *See also* Cass. R. Sunstein, *Problems With Rules*, 83 Cal. L. Rev. 953, 1010 (July 1995) ("the Constitution is part of the rules of the American legal system").

Due process requires that to compel a non-resident non-party witness to appear and testify the witness must be within the geographic limits of the court or have sufficient minimum contacts with the forum state. *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 141 (2nd Cir. 2014); *Yager v, Raisor*, 211 F.Supp. 551, 553-55 (S.D. Ind. 1962) (court could not issue a writ of habeas corpus ad testificandum outside its territorial jurisdiction in a civil action for damages for alleged violation of the plaintiff's civil rights); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2956, at 335 (3d ed. 1998) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction"). *See also VoterLabs, Inc. v. Ethos Group Consulting Services, LLC*, 2021 WL 3403932 (D. Del. Aug. 4,

---

2023) (collecting cases); *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352-53, 1353 n.2 (Fed. Cir. 2017) ("[W]e have applied the Supreme Court's jurisprudence of personal jurisdiction regarding the demands of the Fourteenth Amendment's Due Process Clause to [the Fifth Amendment]"); *United States v. Zamichieli*, 2016 WL 3519550 at *8 (E.D. Pa. June 27, 2016).

2021) (court could not obtain jurisdiction over a non-resident member of an LLC under the provision of Delaware's Limited Liability Act or under principles of Due Process).

Rule 45(c) provides an express limitation on the District Court's inherent authority, consistent with the requirements of Due Process. As such, there was a clear limitation on the Court's authority. The Court's exercise of authority, whether through Rule 45 or its inherent power, violated that limitation.

## CONCLUSION

WHEREFORE, for the foregoing reasons, as well as the reasons stated in the Opening Brief, Appellants respectfully request that this Honorable Court find that the Order requiring LaPray to come to Delaware to testify is unlawful and reverse the citation for contempt issued against her by the District Court.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE 19801
(302) 573-2525
dfinger@delawgroup.com
Attorney for Appellants

Dated: February 5, 2024

# RULE 32 CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed Cir. R. 32(b)(1) because this brief contains 2,532 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements to Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced Times New Roman font size 14.

Dated:

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE 19801
(302) 573-2525
dfinger@delawgroup.com
Attorney for Appellants

Dated: February 5, 2024